[S. F. No. 5600.   Department One.—September 18, 1911.]

CHARLES C. BEMIS, as Trustee under the Will of David R. Jones, Deceased, Plaintiff, v. ANNIE D. COOK-SON et al., Defendants, ANNIE D. COOKSON et al., Plaintiffs in Interpleader and Respondents, v. MABEL DODGE HAMILTON et al., Defendants in Interpleader and Appellants.

WILL—TRUST FOR BENEFIT OF SURVIVING CHILDREN—DEATH OF BENE-FICIARY WITHOUT ISSUE—PAYMENT OF INCOME TO SURVIVING CHIL-DREN AND CHILDREN OF DECEASED CHILD.—A testator, both at the times of execution of his will and of his death, had surviving one son and two daughters, and two grandchildren, the issue respectively of a deceased son and daughter. By his will, after giving pecuniary legacies of seventy-five thousand dollars to each of such

grandchildren, he left the entire residue of his estate to a trustee in trust to pay one third of the net income thereof to each of his surviving children during his or her natural life, and "upon the death of either of said children without issue, to pay his or her one-third share of said net income to the survivors of them, share and share alike, and to the children of any deceased child by right of representation." The will further provided, that upon the death of either of said children leaving issue, one third of the original trust estate with its accretions shall at once descend to and vest in the issue of such deceased child, and upon the death of the last survivor of said children, all the property and estate representing the one-third share or interest of any child who may have died without issue shall vest absolutely in and go to the heirs at law of such child so dying without issue. *Held,* that upon the death of the surviving son, without issue, the one-third share of the net income of the trust estate, which would have gone to him had he continued to live, passed to the surviving daughters of the testator, to the exclusion of the children of the children of the testator who had died prior to his death.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, for Appellants.

John A. Wright, and John F. Barnett, for Respondents.

ANGELLOTTI, J.—This action was brought by Charles C. Bemis, as trustee of the trusts created by the last will of David R. Jones, deceased, against various persons claiming a portion of the income of the trust property, to compel said persons to interplead among themselves and procure a determination of their several claims. On stipulation of the parties, the trustee having deposited in court the amount in dispute, an order was made discharging him from all liability in regard thereto, and requiring the defendants to interplead among themselves with respect to their several claims. The plaintiffs in interpleader, Annie D. Cookson and Lily Butterfield, the other plaintiffs being their respective husbands, filed their complaint, claiming the whole of said money, and the defendants, in interpleader, Mabel Dodge Hamilton and Beatrice Jones, filed their answer, claiming all of the same. On motion, judgment on the pleadings was rendered in favor of the plain-

tiffs in interpleader. This is an appeal from such judgment by said defendants.

The rights of the respective parties depend upon the construction to be given to clause 5 of a trust created by the will of David R. Jones, deceased, and declared by the decree of distribution in exactly the same language used in the will.

David R. Jones died testate on September 11, 1903, leaving surviving one son, John R. Jones, and two daughters, plaintiffs Annie D. Cookson and Lily Butterfield, and also two grandchildren, defendants Mabel Dodge Hamilton and Beatrice Jones, the former being the only child and lawful issue of Mary Jane Dodge, a daughter of deceased, and the latter being the only child and lawful issue of David H. Jones, a son of deceased, both of whom had died before deceased executed his last will. By his will, deceased gave to said Mabel Dodge Hamilton seventy-five thousand dollars, and to said Beatrice Jones seventy-five thousand dollars, which legacies were paid in full prior to distribution. He gave all the rest of his property to Charles C. Bemis in trust for the following purposes, viz. :

"1. To hold, invest, manage and control the same and to receive the income therefrom.

"2. To pay monthly to testator's son, John R. Jones, during his natural life, one third of the net income derived from said trust estate.

"3. To pay monthly to testator's daughter, Lily Butterfield, during her natural life, one third of the net income derived from said trust estate.

"4. To pay monthly to testator's daughter, Annie D. Cookson, during her natural life, the remaining one third of the net income derived from said trust estate.

"5. Upon the death of either of said children of said testator without issue, to pay his or her one-third share of said net income to the survivors of them, share and share alike, and to the children of any deceased child by right of representation.

"6. That upon the death of either of said testator's children leaving issue, one third of the original trust estate with its accretions shall at once descend to and vest in the issue of such deceased child, and the trustee shall pay over and deliver the same forthwith absolutely to such issue.

"7. Upon the death of the last survivor of said testator's children, all the property and estate representing the one third share or interest of any child who may have died without issue shall vest absolutely in and go to the heirs at law of such child so dying without issue."

In due course,—namely, on May 29, 1905, the residue of the property was distributed to the trustee. The surviving son, John R. Jones, died without issue, in the month of June, 1905.

The foregoing facts are shown by the pleadings.

The question presented is whether, under clause 5 of the trust, the whole of the one third share of the net income which would have gone to said John R. Jones, in the event that he had continued to live, goes to the surviving daughters of the testator, the plaintiffs herein, or is to be divided, share and share alike, among them and the children of children of the testator who died prior to his death and prior to the making of his will. The learned judge of the trial court concluded that the whole of said one third share of the income belongs to the surviving children, Lily Butterfield and Annie D. Cookson, and that the provision of clause 5 "and to the children of any deceased child by right of representation" referred only to children of such deceased children as were living at the time of the execution of the will and had been made beneficiaries of the trust. In other words, that such provision was solely for the purpose of allowing the children of any such deceased *beneficiary* to take in his or her place the share of said income which would have gone to such beneficiary under the other provisions of clause 5, if he or she were still alive. That this is the true meaning of the provision in both the will and decree of distribution seems very clear to us.

Taking all of the provisions of the trust scheme together, in the light of the admitted facts, including the bequests made by the will to the two defendant grandchildren, the meaning of clause 5 is to our minds so clear as to reasonably admit of no other construction than that given to it by the learned judge of the trial court. The trust provisions were obviously solely for the benefit of the three living children and their issue. The children of such children as had died prior to the making of the will were specifically provided for by other provisions of the will, seventy-five thousand dollars being given to each. These provisions having been made, the testator

proceeded to create a trust·for his surviving children and
their issue. As long as the three surviving children continued
to live,·no other person was permitted to enjoy any portion
of the income of the trust property, but the income of the same
was to be paid, in one-third parts, to said three children. If
any of said children died leaving issue, no one outside of said
issue was to participate in his or her share, which at once
vested in such issue, free of the trust. Upon the death of any
of such children without issue, the trust was not to terminate
as to the share of the child so dying, but was to continue
until the death of the last survivor, when, the purpose of the
trust having been fully accomplished, such share was to go
to the "heirs at law" of such deceased child. In the mean-
time, under clause 5, the income of such share was to be
divided, share and share alike, among the survivors of said
three children, and "the children of any deceased child by
right of representation." The bringing in under the phrase
just quoted of the children of David H. Jones and Mary Jane
Dodge, for whom specific provision had already been made,
would appear to be foreign to the whole purpose of the trust
scheme, and the language used is not reasonably susceptible
of any construction that would include them. The only chil-
dren of testator specifically mentioned in the provisions relating
to the trust were the surviving children, John R. Jones, Lily
Butterfield, and Annie D. Cookson, and the term "any de-
ceased child" in clause 5, in the connection in which it was
used, would naturally be taken as referring only to such of
the children as were so named and for whose benefit primarily
the trust was created. If it had been intended to include
known children of children already deceased in this income
distribution, the natural thing would have been to specify
them as intended to be so included. The term "any deceased
child" in the connection in which it is used would reasonably
appear to refer only to children living at the time of the
execution of the will.

But all important in the ascertainment of the intention is
the language "by right of representation." The one-third
share of the income which would have gone to the child dying
without issue if he had lived, is to go "to the survivors of
them (the three children), share and share alike and to the
children of any deceased child *by right of representation."*

Learned counsel for appellants earnestly contends that these words technically mean no more than that the children of deceased children shall take *per stirpes* instead of *per capita.* They do mean this, of course, but they further necessarily imply that the children so take, as a class, because of the death of a parent who would have taken had he lived, and as his representatives. As his surviving children they are to take *his* share, the same share their parent would have taken if living. The use of these words by the testator indicates very clearly his intention simply to place the children of any one of the three children who may die in the same position with reference to the income that the parent would have been had he continued to live.

In our opinion, there is nothing in clause 7 of such a nature as to warrant a different conclusion. This clause is in fact no part of the trust, but is a testamentary disposition of property subject to the trust, and is not one in favor of children of deceased children, as such, but is to "the heirs at law" of any child dying without issue. It has very little, if any, bearing, on the question of the intent of the testator as to the manner in which the income of the trust property shall be applied by the trustee.

We find nothing in the cases cited by learned counsel for appellants in support of his claim that appears to us to demand a conclusion contrary to that reached by the lower court.

It is not claimed by defendants that the provisions of the decree of distribution are any more unfavorable to defendants than the provisions of the will. In fact, as we have said, the trust provisions of the will have been placed, word for word, in the decree, thus making the trust provisions of the decree follow the terms of the will absolutely.

In view of what we have said it is clear that no prejudice resulted to defendants from the refusal of the trial court to allow them to amend their answer by setting up the will of the testator.

Notwithstanding such amendment, the plaintiffs would still have been entitled to judgment upon the facts shown by the pleadings.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.

Beatty, C. J. dissented from the order denying a hearing in Bank.